UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CARLA JEAN LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-CV-208 ACL |
| | ) |
| JOHN JORDAN, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff Carla Jean Lewis, a non-prisoner residing in Tennessee, files this complaint against the Sheriff of Cape Girardeau County and four prison officials at the Cape Girardeau County Jail.[1] She seeks an injunction and monetary relief alleging she sent many letters to her husband while he was incarcerated in Cape Girardeau County Jail in December 2013, and they were returned to her for not being in proper form.

Plaintiff states Cape Girardeau County Jail has a "postcard only" policy that violates her First and Fourteenth Amendment rights to communicate with her husband. She also alleges the jail's policy that inmates cannot receive books, magazines, and newspapers in the mail violates her constitutional rights. Plaintiff alleges that despite Cape Girardeau County Jail's stated purpose for the policy (*i.e.*, to expand safety and security for inmates and staff and limit contraband), the jail actually enacted the policy to make a profit. She states that because the jail charges for and profits from telephone and video-visit services offered to the inmates, the jail officials restricted written communications entering the jail to force inmates to use the fee-based services.

## Discussion

On November 13, 2017, the Court issued a ruling in *Moon v. Jordan*, Case No. 1:15-CV-167 RLW, 2017 WL 5466681 (E.D. Mo. Nov. 13, 2017), granting summary judgment to defendants on plaintiff Darnell Wesley Moon's complaint alleging constitutional violations

---

[1] Plaintiff is the sister of Darnell Wesley Moon, who prepared her complaint. Mr. Moon is well known to the Court as a frequent filer of lawsuits. His lawsuits are subject to the three-strike provision of 28 U.S.C. § 1915(g). *See Moon v. Boyd*, Case No. 1:17-CV-125 SNLJ at n.1 (E.D. Mo. Oct. 10 2017).

arising out of Cape Girardeau County Jail's postcard only policy. *Id.* at *4. In August 2016, the Court issued a judgment after a bench trial holding that the Cape Girardeau County Jail's postcard policy was reasonably related to a legitimate penological interest, and did not violate the plaintiff's, the mother of an inmate, constitutional rights. *See Simpson v. County of Cape Girardeau*, 202 F. Supp. 3d 1062 (E.D. Mo. 2016).

Plaintiff's postcard-only claims are the exact claims against the exact defendants brought by Mr. Moon, plaintiff's brother, in *Moon v. Jordan*. *See Moon*, 2017 WL 5466681 at *4. Because the Court has twice ruled the postcard policy adopted by the Cape Girardeau County Jail is constitutional, the Court will dismiss this action for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of December, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE